12-63
Weng v. Holder

BIA
Nelson, IJ
A089 906 476

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of September, two thousand twelve.

PRESENT:
      BARRINGTON D. PARKER,
      RICHARD C. WESLEY,
      DENNY CHIN,
         *Circuit Judges.*

_____

ZHEN NI WENG,
      *Petitioner,*

      v.                       12-63
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Lee Ratner, Law Offices of Michael Brown, New York, NY

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Catherine B. Bye, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Ni Weng seeks review of a December 15, 2011, order of the BIA affirming the June 24, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Ni Weng*, No. A089 906 476 (B.I.A. Dec. 15, 2011), *aff'g* No. A089 906 476 (Immig. Ct. N.Y. City June 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Weng challenges the agency's adverse credibility determination. For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Weng challenges the IJ's credibility finding principally on the grounds that the "alleged inconsistencies" were "perceived on the part of the IJ rather than actual." (Pet'r Br. at 8). The record, however, supports the agency's conclusion that Weng testified inconsistently. Weng provided conflicting testimony regarding the dates of his prior arrests, with some discrepancies spanning several months to several years. He also did not testify accurately about when his wife's abortion certificate was issued, and the fact that a certificate was issued suggested that the abortion was voluntary. The agency's conclusion that the certificate did not support Weng's testimony was reasonable.

3

Weng also argues that any inconsistencies should not be held against him because he "possesses no formal education and is illiterate." (*Id.* at 9). The agency, however, was not required to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; quotation marks omitted)).

Together, Weng's demeanor, inconsistent statements, and inadequate corroborating evidence provide substantial evidence to support the agency's credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2007). Accordingly, the agency did not err in denying his applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5